UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50885
_____

MARK S. VOJVODICH,

Plaintiff-Appellee,

versus

RALPH LOPEZ, Bexar County Sheriff, Individually and in Official
Capacity,

Defendant-Appellant.

_____

No. 97-50175
_____

STEPHEN GARZA,

Plaintiff-Appellee,

versus

RALPH LOPEZ, Sheriff; CHAUNCEY SPENCER; BRIAN MENGES,
Defendants-Appellants.

_____

Appeals from the United States District Court
for the Western District of Texas
(SA-95-CV-455 & SA-95-CV-622)
_____

August 19, 1997
Before JONES, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM:[1]

In these consolidated appeals, Ralph Lopez, Chauncey Spencer and Brian Menges appeal the decisions by the magistrate judge and district court to deny qualified immunity for the actions that are the subject of this suit. Mark Vojvodich and Stephen Garza are former employees of the Bexar County sheriff's department who filed suit under 42 U.S.C. § 1983 alleging that they suffered adverse employment actions in violation of their First Amendment rights. Concluding that the appeal by Lopez, Chauncey Spencer, and Brian Menges is frivolous, we affirm.

Garza was a deputy with the rank of Captain. Garza alleges that his transfer within the department, "letters of counseling" for unacceptable conduct, Order of Suspension, and ultimate dismissal were in retaliation for his political activities, including his announcing his candidacy and campaigning for the sheriff's office.

Vojvodich was a deputy with the rank of lieutenant. Vojvodich alleges that Lopez refused to promote him, delayed payment for excess overtime, assigned him to less prestigious duty and dismissed him in retaliation for affiliation with

---

[1]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

another political party and support of a competing candidate for sheriff.

Appellants are not entitled to qualified immunity because at the time that they took adverse action against Vojvodich and Garza, the law was clearly established that a sheriff could not take retaliatory employment action against his deputies based on political activity or association unless the activity was sufficiently disruptive. See Click v. Copeland, 970 F.2d 106, 111 (5th Cir. 1992); Vojvodich v. Lopez, 48 F.3d 879 (5th Cir.), cert. denied, ___ U.S. ___, 116 S.Ct. 169 (1995). Both appellees raised fact issues as to the political nature of their speech or activity and as to whether the disruption caused thereby justified the adverse employment actions against them.

Appellants do not raise any substantial arguments that distinguish this case from the prior two opinions of this court that conclusively decided the qualified immunity issue against him. In fact, these appeals appear calculated to prolong the day of reckoning at trial, a day we trust the trial court will soon establish. Because these appeals are frivolous and dilatory, appellants are hereby put on NOTICE and ordered to SHOW CAUSE as to why they should not be ordered to pay damages and costs to appellees under FED. R. APP. PROC. 38. Appellants are ordered to respond within 30 days of the date of this opinion and order.

**AFFIRMED; SHOW CAUSE ORDER ISSUED.**